```
                        UNITED STATES DISTRICT COURT
                           DISTRICT OF CONNECTICUT

------------------------------x
                              :
DAVID VELEZ                   :    Civ. No. 3:18CV01024(SALM)
                              :
v.                            :
                              :
NANCY A. BERRYHILL,           :    May 9, 2019
ACTING COMMISSIONER, SOCIAL   :
SECURITY ADMINISTRATION       :
                              :
------------------------------x
```

## RULING ON CROSS MOTIONS

Self-represented plaintiff David Velez brings this appeal pursuant to §205(g) of the Social Security Act ("the Act"), as amended, seeking review of a final decision by the Acting Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff has moved for an order reversing the decision of the Commissioner [Doc. #21]. Defendant has filed a motion for an order affirming the decision of the Commissioner [Doc. #29].

For the reasons set forth below, plaintiff's Motion to Reverse or Remand **[Doc. #21]** is **GRANTED**, to the extent it seeks remand for further proceedings related to plaintiff's application for SSI benefits, and defendant's Motion for an Order Affirming the Decision of the Commissioner **[Doc. #29]** is **DENIED**.

1

I.  **PROCEDURAL HISTORY**[1]

Plaintiff filed applications for DIB and SSI on March 26, 2015, alleging disability beginning March 25, 2015. See Certified Transcript of the Administrative Record, Doc. #16 and attachments, compiled on August 3, 2018, (hereinafter "Tr.") at 181, 194. Plaintiff's applications were denied initially on August 25, 2015, see Tr. 181-206, and upon reconsideration on January 7, 2016, see Tr. 209-232.

On February 16, 2017, plaintiff, represented by Attorney Meryl Anne Spat,[2] appeared and testified before Administrative Law Judge ("ALJ") Alexander Peter Borré. See Tr. 141-72, 179-80. Vocational Expert ("VE") Courtney Olds testified at the hearing. See Tr. 172-179. On June 6, 2017, the ALJ issued an unfavorable decision. See Tr. 125-36. On May 23, 2018, the Appeals Council denied plaintiff's request for review, making the ALJ's June 6, 2017, decision the final decision of the Commissioner. See Tr. 1-6. The case is now ripe for review under 42 U.S.C. §405(g).

II.  **STANDARD OF REVIEW**

The review of a Social Security disability determination involves two levels of inquiry. First, the court must decide

---

[1] The Commissioner, with her motion to affirm, has filed a statement of material facts to which plaintiff has not responded. See Doc. #29-2.

[2] Plaintiff is now self-represented.

whether the Commissioner applied the correct legal principles in making the determination. See Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). Second, the court must decide whether the determination is supported by substantial evidence. See id. Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The reviewing court's responsibility is to ensure that a claim has been fairly evaluated by the ALJ. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983).

The Court does not reach the second stage of review – evaluating whether substantial evidence supports the ALJ's conclusion – if the Court determines that the ALJ failed to apply the law correctly. See Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have [his] disability determination

3

made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

"[T]he crucial factors in any determination must be set forth with sufficient specificity to enable [a reviewing court] to decide whether the determination is supported by substantial evidence." Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984). The ALJ is free to accept or reject the testimony of any witness, but a "finding that the witness is not credible must nevertheless be set forth with sufficient specificity to permit intelligible plenary review of the record." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1988). It is well established that "an ALJ's credibility determination is generally entitled to deference on appeal." Selian v. Astrue, 708 F.3d 409, 420 (2d Cir. 2013); see also Kessler v. Colvin, 48 F. Supp. 3d 578, 595 (S.D.N.Y. 2014) ("A federal court must afford great deference to the ALJ's credibility finding, since the ALJ had the opportunity to observe the claimant's demeanor while the claimant was testifying." (citation and internal quotation marks omitted)); Pietrunti v. Dir., Office of Workers' Comp. Programs, 119 F.3d 1035, 1042 (2d Cir. 1997) ("Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." (citation and internal quotation marks omitted)).

It is important to note that in reviewing the ALJ's decision, this Court's role is not to start from scratch. "In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012). "**[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports the ALJ's decision**." Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013).

### III. SSA LEGAL STANDARD

Under the Social Security Act, every individual who is under a disability is entitled to disability insurance benefits. 42 U.S.C. §423(a)(1).

To be considered disabled under the Act and therefore entitled to benefits, plaintiff must demonstrate that she is unable to work after a date specified "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Such impairment or impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

5

work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §423(d)(2)(A); see also 20 C.F.R. §404.1520(c) (requiring that the impairment "significantly limit[] ... physical or mental ability to do basic work activities[]" to be considered "severe").[3]

There is a familiar five-step analysis used to determine if a person is disabled. See 20 C.F.R. §404.1520. In the Second Circuit, the test is described as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider his disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed"

---

[3] Some of the Regulations cited in this decision, particularly those applicable to the review of medical source evidence, were amended effective March 27, 2017. Those "new regulations apply only to claims filed on or after March 27, 2017." Smith v. Comm'r, 731 F. App'x 28, 30 n.1 (2d Cir. 2018) (summary order). Where a plaintiff's claim for benefits was filed prior to March 27, 2017, "the Court reviews the ALJ's decision under the earlier regulations[.]" Rodriguez v. Colvin, No. 3:15CV1723(DFM), 2018 WL 4204436, at *4 n.6 (D. Conn. Sept. 4, 2018); White v. Comm'r, No. 17CV4524(JS), 2018 WL 4783974, at *4 (E.D.N.Y. Sept. 30, 2018) ("While the Act was amended effective March 27, 2017, the Court reviews the ALJ's decision under the earlier regulations because the Plaintiff's application was filed before the new regulations went into effect." (citation omitted)).

6

impairment is unable to perform substantial gainful activity.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). If and only if the claimant does not have a listed impairment, the Commissioner engages in the fourth and fifth steps:

> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of proof as to the first four steps, while the Secretary must prove the final one.

Id.

"Through the fourth step, the claimant carries the burdens of production and persuasion, but if the analysis proceeds to the fifth step, there is a limited shift in the burden of proof and the Commissioner is obligated to demonstrate that jobs exist in the national or local economies that the claimant can perform given his residual functional capacity." Gonzalez ex rel. Guzman v. Dep't of Health and Human Serv., 360 F. App'x 240, 243 (2d Cir. 2010) (citing 68 Fed. Reg. 51155 (Aug. 26, 2003)); Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam)). "Residual functional capacity" ("RFC") is what a person is still capable of doing despite limitations resulting from her physical and mental impairments. See 20 C.F.R. §404.1545(a)(1).

7

"In assessing disability, factors to be considered are (1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or others; and (4) the claimant's educational background, age, and work experience." Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978). "[E]ligibility for benefits is to be determined in light of the fact that the Social Security Act is a remedial statute to be broadly construed and liberally applied." Id. (citation and internal quotation marks omitted).

## IV. THE ALJ'S DECSION

Following the above-described five-step evaluation process, the ALJ concluded that plaintiff was not disabled under the Act. See Tr. 136. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 25, 2015. See Tr. 128. At step two, the ALJ found that plaintiff had the severe impairments of "degenerative disc disease of the lumbar spine status post fusion, obesity, and mood disorder[.]" Id.

At step three, the ALJ found that plaintiff's impairments, either alone or in combination, did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. See id. The ALJ specifically considered Listings 1.04 (disorders of the spine) and 12.04 (bipolar and

8

related disorders). See Tr. 128-30. Before moving on to step four, the ALJ found plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he cannot climb ladders, ropes, or scaffolds or tolerate exposure to hazards such as open moving machinery and unprotected heights; can occasionally climb ramps and stairs; frequently balance; occasionally stoop, kneel, crouch, and crawl; is limited to simple and repetitive tasks in an environment with no public interaction and only occasional interaction with coworkers and supervisors; he requires the ability to sit and stand at will and would be able to continue to perform a job when standing.

Tr. 130.

At step four, the ALJ concluded that plaintiff was unable to perform his past work. See Tr. 135. At step five, and after considering the testimony of the VE as well as plaintiff's age, education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform. See id.

## V. **DISCUSSION**

The Court reads plaintiff's motion as raising two primary arguments for reversal of the Commissioner's decision:

1. The Commissioner failed to consider treatment occurring on or after July 31, 2017, generally; and

2. The Commissioner did not adequately assess plaintiff's abilities, including that plaintiff was required to use a cane, beginning in March 2017.

Before evaluating these arguments, the Court pauses to discuss the time frames relevant to each of plaintiff's applications.

9

Plaintiff's arguments appear to rest on the assumption that <u>any</u> ongoing care he receives is relevant to this Court's review. This assumption is inaccurate. Applications for SSI and DIB consider a claimant's abilities during specific, different, time frames.

With respect to plaintiff's application for DIB benefits, the relevant time frame is between the alleged onset date of March 25, 2015, and plaintiff's last insured date of December 31, 2016. With respect to SSI benefits, the relevant time frame is between the alleged onset date of March 25, 2015, and the date the ALJ issued his unfavorable decision, June 6, 2017. If plaintiff became disabled <u>after</u> those dates, the appropriate remedy is to file a <u>new</u> application for benefits, not to appeal the ALJ's June 6, 2017, unfavorable decision. Additionally, with respect to each application, the Commissioner may determine that plaintiff is entitled to benefits only for some of the time periods at issue.

**A. Consideration of New Evidence by the Appeals Council**

The Regulations describe circumstances in which the Appeals Council is required to consider new evidence submitted by a claimant following an ALJ's decision:

> The Appeals Council will review a case if ... Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability

that the additional evidence would change the outcome of
the decision.

20 C.F.R. §§404.970(a)(5), 416.1470(a)(5). Paragraph (b) states: "[T]he Appeals Council will only consider additional evidence ... if you show good cause for not informing us about or submitting the evidence" for particular enumerated reasons. 20 C.F.R. §§404.970(b), 416.1470(b). Good cause includes, <u>inter alia</u>, that some "unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include[:] ... You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing[.]" 20 C.F.R. §§404.970(b)(3)(iv), 416.1470(b)(3)(iv).[4]

---

[4] Appeals Council reviews of actions filed in Connecticut were governed by 20 C.F.R. §405.401, rather than §404.970 and §416.1470, until 2017. <u>See</u> 20 C.F.R. Part 405, App'x to Subpt. A (effective June 13, 2011); <u>see</u> <u>also</u> Orriols v. Colvin, 3:14CV863(SRU), 2015 WL 5613153, at *2-4 (D. Conn. Sept. 24, 2015). However, the regulations were amended in 2017 to provide consistency nationwide, and §405.401 has been eliminated entirely. <u>See</u> <u>generally</u> Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-01, 2016 WL 7242991 (Dec. 16, 2016) (to be codified at 20 C.F.R. Parts 404, 405, and 416). Final Rule 90987-01 states: "This final rule will be effective on January 17, 2017. However, compliance is not required until May 1, 2017." <u>Id.</u> Accordingly, compliance was required when the Appeals Council evaluated plaintiff's application following the ALJ's June 6, 2017, decision. <u>See</u> Tr. 136. The Court therefore applies §404.970 and §416.1470 in reviewing the Appeals Council's actions.

New evidence is "any evidence that has not been considered previously during the administrative process[,]" that is not cumulative. McIntire v. Astrue, 809 F. Supp. 2d 13, 21 (D. Conn. 2010). "Evidence is material if it is (i) relevant to the time period for which benefits have been denied and (ii) probative, meaning it provides a reasonable probability that the new evidence would have influenced the Commissioner to decide the claimant's application differently." Id. "[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996).

Here, the Appeals Council considered two sets of medical records submitted after the ALJ rendered his decision. See Tr. 2. As to both sets of records the Appeals Counsel determined: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." Id. Each of those sets of records is relevant to one of plaintiff's claims of error, and the Court will address each of those claims of error in turn.

    a. Plaintiff's Treatment on and After July 31, 2017

Plaintiff's motion references three back surgeries, in addition to other, ongoing back treatment. See Doc. #21 at 1. The first of those surgeries took place on June 16, 2016. See

12

id. Although this was after plaintiff's applications were denied upon reconsideration at the state agency level, it was six months before his last insured date of December 31, 2016, and a year prior to the ALJ's June 6, 2017, unfavorable decision. The ALJ considered this surgery, and plaintiff's treatment shortly thereafter, and noted that plaintiff's condition improved. See Tr. 132.

Plaintiff's second surgery took place on July 31, 2017,[5] more than a month after the ALJ's decision was issued. See Tr. 18. Plaintiff's third surgery, as of the filing of his November 16, 2018, motion to reverse, was scheduled to take place on January 7, 2019. See Doc. #21 at 1.

Plaintiff argues:

> [T]he decision to disqualify me from receiving benefits was based on a decision from the Hartford Court system from February of 2017, before my second surgery that was performed on [July] 31st 2017, the follow up stay at Abbott Terrace Health Center, and follow up therapy sessions at Access Rehab was never submitted by my attorney. Therefore the decision that was made this past May of 2018 was missing pertinent information regarding my health.

---

[5] Plaintiff's motion states that this surgery was performed on "June 31st 2017." Doc. #21 at 1. The records submitted to the Appeals Council indicate that the surgery took place on July 31, 2017. See Tr. 18.

13

Doc. #21 at 2.[6] The Court interprets plaintiff's reference to a February 2017 decision of the "Hartford Court system" to refer to the ALJ's June 6, 2017, decision. That decision followed the February 16, 2017, hearing the ALJ conducted, where plaintiff testified, in Hartford. The Court is unaware of any decision of a state court bearing on plaintiff's applications.

The Appeals Council reviewed some evidence related to treatment surrounding plaintiff's second surgery, which was submitted by plaintiff's counsel. Specifically, the Appeals Council reviewed records from University of Connecticut Health Center, dated May 4, 2017, through October 12, 2017. See Tr. 2, 7-78. The Appeals Council determined that "the evidence did not show a reasonable probability that it would change the outcome of the decision." Tr. 2.

---

[6] Plaintiff has filed a letter on Abbott Terrace Health Center letterhead which states that he "was a patient here at Abbott Terrace from 6/22/2016 to 7/8/16 and 8/2/17 to 10/24 2017." Doc. #23 at 2 (sic). Plaintiff has not provided any other documentation, or any treatment records, from Abbott Terrace Health Center. Plaintiff has also filed what appear to be some of his records of treatment following the July 31, 2017, surgery from Access Rehab. See Doc. #24-3, Doc. #24-4. According to plaintiff, these records cover treatment between January 10, 2018, and December 14, 2018. See Doc. #24-3 at 1, Doc. #24-4 at 1. The Court has had occasion to briefly review these records, although they are not a part of the administrative record in this case, and neither the ALJ nor the Appeals Council had opportunity to review them. None of these records appear to be retrospective in nature, nor do they address plaintiff's abilities on or before June 6, 2017. Accordingly, these records do not relate to the time frame under consideration by the ALJ.

14

The five pages of records documenting treatment prior to the ALJ's decision, see Tr. 9-14 (records from May 5, 2017, and June 1, 2017), do not reveal any information the ALJ had not already considered. These records document plaintiff's standard follow-up care, similar to many records that were already before the ALJ. They document his "low back pain, low back muscle spasm," Tr. 9, 12, and that "patient in fact has lost quite a bit of weight, has low back paraverterbral muscle spasm no focal deficit[,]" Tr. 13. As to the remaining records, see Tr. 15-78, even if the evidence were probative, it does not relate to the time frame under consideration by the ALJ. None of this evidence is retrospective in nature; the records contain only discussion of plaintiff's ongoing treatment. Accordingly, the Appeals Council did not err in failing to consider this evidence as it did not meet the requirements of 20 C.F.R. §404.970(a)(5) and §416.1470(a)(5).

### b. Plaintiff's Use of a Cane

Plaintiff argues that he required use of a cane beginning in March 2017, and that this is relevant to the applications for benefits at issue here. See Doc. #21 at 1. Plaintiff, as the ALJ recognized in his RFC determination, had "a hard time standing for long periods of time and even discomfort sitting, forcing [him] to change positions constantly." Id. The ALJ's RFC determination confirmed that plaintiff "requires the ability to

15

sit and stand at will and would be able to continue to perform a job when standing." Tr. 130. The ALJ asked the VE whether the use of a cane would impact his analysis of plaintiff's ability to perform various jobs, and the VE responded that plaintiff would not be able to perform any job previously identified by the VE if he required use of a cane. See Tr. 178-79.

The Commissioner argues: "Nothing in the record supports that Plaintiff used a cane prior to June 1, 2017, the end of the period at issue [for plaintiff's SSI application]. Accordingly, Plaintiff's argument regarding a cane is unsupported and without merit."[7] Doc. #29-1 at 12.

As to the record before the ALJ, the Commissioner is correct. Plaintiff's own functional report and his testimony at the hearing specified that he did not use a cane.[8] See Tr. 156,

---

[7] The Commissioner, throughout her motion to affirm, refers to June 1, 2017, as the date of the ALJ's decision. The ALJ issued his decision on June 6, 2017. See Tr. 136. This discrepancy does not impact the Court's analysis.

[8] The record discloses a single discrepancy on this point. After plaintiff denied using a cane, see Tr. 158, and stated that he would be prescribed a cane in the future, see Tr. 178, plaintiff stated "[y]es, I do need my cane[,]" Tr. 179. Plaintiff points to no medical records documenting prior use of a cane. He states in his motion that he was prescribed a cane in March 2017, see Doc. #21 at 1, and he had indicated in his daily activities report that he did not use a cane as of December 15, 2015, see Tr. 371. Records dated June 21, 2016, also confirm that plaintiff did not use any assistive device. See Tr. 661. The ALJ is empowered to resolve ambiguities in the record, and his resolution is entitled to deference. See Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 122 (2d Cir. 2012) ("[W]e defer to the

371, 661. Nothing in plaintiff's motion suggests that he used a cane prior to March 2017, and the ALJ acknowledged that plaintiff would likely need a cane in the <u>future</u>. <u>See</u> Tr. 131-132. Because plaintiff's argument regarding his need for a cane beginning in March 2017 relates to his abilities prior to June 6, 2017, but <u>not</u> to treatment before his last insured date of December 31, 2016, plaintiff's argument related to his use of a cane is relevant to plaintiff's SSI application <u>only</u>.

The Commissioner's argument does not discuss the record of plaintiff's treatment with Dr. Koliani, plaintiff's primary physician, dated April 14, 2017, which was submitted to the Appeals Council by plaintiff's attorney. <u>See</u> Tr. 93. The Appeals Council advised plaintiff: "You submitted medical records from Leonardi Koliani, M.D., dated December 9, 2016 through March 9, 2018 (43 pages)[.] ... We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." Tr. 2.

The April 14, 2017, record, and subsequent records documenting treatment through March 2018, show that plaintiff

---

Commissioner's resolution of conflicting evidence."); <u>Veino v. Barnhart</u>, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."). Accordingly, the Court finds that the ALJ did not err, based on the evidence before him, in concluding that plaintiff might need a cane in the future, but did not need one at the time.

needed a cane because of his back pain. See Tr. 85, 89, 93, 95, 98. These records support plaintiff's argument that he used a cane before June 6, 2017. The record contains no indication that plaintiff's use of a cane was, or was anticipated to be, temporary. Indeed, Dr. Koliani's records, submitted to the Appeals Council, document that plaintiff used his cane for at least eleven months,[9] from April 2017 through March 2018.[10] See Tr. 85, 89, 93, 95, 98.

In light of the VE's testimony stating that plaintiff would be unable to perform any identified job if he also required use of a cane, see Tr. 178-79, records documenting that plaintiff

---

[9] Plaintiff argues that he needed a cane beginning in March 2017. See Doc. #21 at 1. While the April 14, 2017, record does not indicate the first date on which plaintiff needed a cane, see Tr. 93, there does not appear to be any evidence in the administrative record documenting plaintiff's need for a cane on a specific earlier date.

[10] To be considered disabled under the Act and therefore entitled to benefits, plaintiff must demonstrate that he is unable to work after a date specified "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A) (emphasis added). If plaintiff had only needed a cane for a short period of time, the Appeals Council's error might have been rendered harmless. The duration of plaintiff's well-documented need for a cane provides additional support for the conclusion "there is a reasonable probability that the additional evidence would change the outcome of the decision[,]" 20 C.F.R. §§404.970(a)(5), 416.1470(a)(5), even though the later records were not retrospective in nature.

18

needed to use a cane prior to the ALJ's June 6, 2017, decision were relevant, material, and had a reasonable probability of changing the outcome of the ALJ's decision. It is also clear that an "unavoidable circumstance beyond [plaintiff's] control prevented" plaintiff from submitting the evidence to the ALJ. 20 C.F.R. §§404.970(b)(3), 416.1470(b)(3). The deadline for submitting evidence to the ALJ closed on March 2, 2017. See Tr. 179. That was before the April 14, 2017, appointment occurred, and it was therefore impossible for plaintiff to submit the records of that appointment before March 2, 2017. Accordingly, the Appeals Counsel erred in not considering these records.

The Appeals Council's failure to consider evidence that meets the criteria of 20 C.F.R. §404.970(a)(5) and §416.1470(a)(5) warrants remand. See Staib v. Colvin, 254 F. Supp. 3d 405, 408 (E.D.N.Y. 2017) ("[T]he Appeals Council also failed to consider relevant evidence. This also requires a remand for further proceedings."); McIntire, 809 F. Supp. 2d at 21 (When the Appeals Council fails in its duty to consider new evidence as required by the Regulations, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence."); see also Adams v. Colvin, No. 3:15CV1061(WIG), 2016 WL 5334646, at *3 (D. Conn. Sept. 22, 2016); Orriols, 2015 WL 5613153, at *5. Additionally, "the Appeals Council's cursory, formulaic rejection of the evidence

... without any legal or factual reasoning, is insufficient." McCarthy v. Colvin, No. 3:16CV01716(JGM), 2018 WL 495678, at *15 (citation and quotation marks omitted). Therefore, remand for reconsideration of plaintiff's SSI application is appropriate. See Shrack v. Astrue, 608 F. Supp. 2d 297, 302 (D. Conn. 2009).

## VI. CONCLUSION

Plaintiff's SSI claim should be re-evaluated in light of the evidence documenting that plaintiff needed to use a cane before June 6, 2017. On remand the ALJ shall conduct a new, full, hearing on plaintiff's SSI application only. Plaintiff shall also be afforded the opportunity to submit any additional evidence relevant to his SSI application in advance of the hearing. The Court offers no opinion on whether the ALJ should or will find plaintiff disabled on remand.

For the reasons set forth herein, plaintiff's Motion to Reverse or Remand **[Doc. #21]** is **GRANTED**, to the extent it seeks remand for further proceedings related to plaintiff's application for SSI benefits, and defendant's Motion for an Order Affirming the Decision of the Commissioner **[Doc. #29]** is **DENIED**.

SO ORDERED at New Haven, Connecticut, this 9th day of May, 2019.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE